UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PEDRO J. BLASINI-SANJURJO,

    Plaintiff,

vs.

COMMONWEALTH OF PUERTO RICO, ET AL,
PUERTO RICO DEPARTMENT OF JUSTICE
PUERTO RICO POLICE DEPARTMENT
PUERTO RICO DEPARTMENT OF CORRECTIONS
ICAOS ADMINISTRATORS PR
OFFICERS & ADMINISTRATORS OF THE SORNA
PROGRAM OF PUERTO RICO

    Defendant

Case No.: **25-cv-01369 (MAJ)**

COMPLAINT UNDER 42 U.S.C. § 1983 FOR VIOLATION OF CIVIL RIGHTS

**TO THE HONORABLE COURT:**

This complaint is respectfully submitted pursuant to 42 U.S.C. § 1983 by Pedro J. Blasini, a U.S. citizen and resident of Puerto Rico, against the named Defendants, jointly and severally, for violations of his constitutional rights.

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.
2. Venue is proper in the District of Puerto Rico under 28 U.S.C. § 1391.

**II. PARTIES**

3. Plaintiff Pedro J. Blasini is a U.S. citizen currently residing in Puerto Rico. He was born in New York City and has full constitutional protections.

4. Defendant Commonwealth of Puerto Rico is a U.S. territory acting under color of law.

5. Defendant Puerto Rico Department of Justice (PRDOJ) is responsible for prosecutorial actions, registry maintenance, and legal oversight.

6. Defendant Puerto Rico Department of Corrections (PRDOC) oversees post-conviction management and probation, including ICAOS transfers.

7. Defendant Puerto Rico Police Department (PRPD) administers local registry enforcement.

8. Defendants John Does 1-10 are unknown individuals acting in their official capacities within these agencies.

III. INTRODUCTION

1. Plaintiff Pedro J. Blasini brings this action under 42 U.S.C. § 1983 and § 1985 to redress ongoing violations of his civil and constitutional rights by the Commonwealth of Puerto Rico and its subordinate agencies. Plaintiff is a natural-born U.S. citizen from New York City, unlawfully subjected to sex offender registration in Puerto Rico despite the absence of any lawful order or federal requirement.

2. Defendants, under color of law, have imposed unlawful, extrajudicial, and retaliatory registry conditions, deprived Plaintiff of due process, fabricated or transmitted false records to federal databases, obstructed judicial remedies, and subjected Plaintiff to ongoing stigmatization and constructive banishment.

3. These actions violate Plaintiff's rights under the First, Fifth, and Fourteenth Amendments, Article IV § 1 (Full Faith and Credit), and the Privacy Act (5 U.S.C. § 552a).

**III. STATEMENT OF FACTS**

Plaintiff incorporates by reference all facts detailed in his Affidavit of Fact and Memorandum of Law supporting his Habeas Corpus petition, and supplements with the following:

COMPLAINT UNDER 42 U.S.C. § 1983 FOR VIOLATION OF CIVIL RIGHTS - 1

1. On December 17, 2014, Plaintiff was convicted in Pennsylvania of a non-violent offense (§ 6312(d) — possession only) that did not require registry under federal or Pennsylvania law.
2. He was not designated a Sexually Violent Predator (SVP), nor ordered to register by any court.
3. In 2015, Plaintiff was transferred to Puerto Rico pursuant to ICAOS after completing the Pennsylvania portion of his sentence under 18 Pa.C.S. § 6312(d).
4. No judicial order or notice was provided mandating sex offender registration in Puerto Rico. Nonetheless, the Commonwealth unilaterally placed him on the Sex Offender Registry.
5. The classification and ongoing enforcement actions by PRDOC and PRPD were not supported by any judicial process. No adversarial hearing or constitutional notice was granted, violating procedural due process.
6. Upon arrival, Plaintiff was coerced by PR officials into signing registration documents without explanation or counsel.
7. No court hearing, registry order, or equivalency hearing was held.
8. Defendants submitted or relied on outdated or false registry data in NCIC and CJIS, listing Plaintiff as "active," despite lack of federal or state basis
9. Plaintiff was compelled to submit DNA samples to Commonwealth authorities as part of an extrajudicial and procedurally unsupervised registration process. These samples were collected without court order, without consent, and without any documentation regarding the chain of custody, location, or potential use of said materials.
10. Plaintiff has made multiple efforts to confirm the location and oversight of this sensitive biological material, including inquiries to the Puerto Rico Police Department and Department of Justice. These inquiries have gone unanswered. The absence of procedural oversight creates a material and imminent risk of evidence fabrication, misuse, or retaliatory planting, which is exacerbated by the Commonwealth's history of unauthorized investigative behavior.
11. Upon expiration of Plaintiff's probation in December 2019, no discharge certificate or official closure was issued by either the Pennsylvania or Puerto Rico Departments of Corrections. This resulted in de facto continuation of punishment through nonjudicial means.
12. Multiple independent witnesses have accompanied Plaintiff to Puerto Rico courts in good faith attempts to file motions and petitions for relief. These witnesses personally observed Plaintiff being denied access to filing windows, dismissed without review, and subjected to procedural stonewalling. One such witness, who previously submitted an affidavit, was physically removed from the registry compliance room in 2019. These incidents demonstrate a systemic pattern of obstruction and retaliation against Plaintiff's constitutionally protected attempts to seek redress.
13. In 2019, Plaintiff was approached at his place of employment (Ecolift PR) by a Commonwealth agent known to be affiliated with SORNA enforcement. Shortly thereafter, Plaintiff was dismissed from his job under vague pretenses, despite excellent performance. He was subjected to surveillance and undue scrutiny.
14. In 2023, during Police Week at Plaza Las Américas, Commonwealth agents set up a public information booth revealing sensitive registry data. Plaintiff, who was present with his 8-year-old son, was publicly identified and harassed by multiple individuals, forcing him to flee the premises. This event severely affected his son and caused emotional trauma.
15. In 2018 and 2019, PRDOC agents visited Plaintiff's residence and disclosed his registry status to neighbors and HOA administrators. These acts resulted in threats, intimidation, and eventual forced relocation.
16. Further aggravating the pattern of constitutional violations is the existence and use of a "Phantom Docket" within the Commonwealth's justice infrastructure. This off-the-books judicial management practice operates without transparency or public docketing, and has been used to block, stall, or destroy filings, grievances, and registration challenges lodged by Plaintiff. Numerous attempts to file writs, objections, or obtain administrative hearings have been thwarted by unexplained disappearances or refusals by clerical or agency staff, often off-record.

17. As a result of Plaintiff's inclusion in the Commonwealth registry system, and despite having no qualifying conviction under Pennsylvania or federal guidelines, he has been formally denied a Certificate of Good Conduct (*Certificado de Buena Conducta*). This denial has not only violated his constitutional presumption of innocence and post-sentence liberty interests but has also blocked access to housing, employment, and public trust roles, effectively re-sentencing Plaintiff outside judicial due process.

18. Plaintiff attempted to file relief requests in Puerto Rico's court system, including the State Court of First Instance (*Tribunal de Primera Instancia*). These filings were returned or summarily rejected, without being assigned docket numbers. No redress was available via ordinary judicial process.

19. Commonwealth agents and officials continued to act in concert to suppress Plaintiff's civil rights, without cause, and in contradiction to the statutory requirements of Puerto Rico Law 300–1999 and federal SORNA guidelines.

20. At no point was Plaintiff ever convicted of an offense under Pennsylvania or Puerto Rico law that required registration under the criteria in effect during his conviction. The Commonwealth's ongoing enforcement is therefore arbitrary, capricious, and unlawful.

21. The above conduct has directly resulted in economic hardship, loss of reputation, denial of housing, exclusion from employment opportunities, and the degradation of Plaintiff's parental relationship.

22. The paradoxical nature of Plaintiff's restraint includes: the imposition of custodial conditions without formal custody; penal consequences administered without adjudication; and punishment exceeding what was imposed under the original judgment.

23. The Commonwealth's conduct effectively nullifies the principle of comity and full faith and credit by reinterpreting a Pennsylvania conviction without judicial basis, thereby violating the Plaintiff's settled liberty interests.

24. The Plaintiff has suffered differential treatment when compared to similarly situated individuals residing in Puerto Rico, violating the Equal Protection Clause.

25. These facts expose a pattern of systemic abuse that traps the Plaintiff in an unconstitutional status, devoid of procedural recourse and ripe with reputational and structural harm.

**Pattern and Practice of Constitutional Violations by the Commonwealth of Puerto Rico**

Plaintiff further alleges that his mistreatment is not isolated, but emblematic of a **systemic pattern of constitutional violations** historically perpetrated by the Commonwealth of Puerto Rico and its subordinate agencies. These agencies — particularly the Puerto Rico Police Department (PRPD), Department of Justice (PRDOJ), and Department of Corrections (PRDOC) — have been subject to **multiple federal investigations**, **consent decrees**, and **civil rights lawsuits** due to:

- **Widespread use of excessive force**
- **Fabricated records and unlawful database entries**
- **Targeted retaliation against protected conduct**
- **Suppression of legal remedies**
- **Constructive banishment through administrative overreach**

**A. Federal Acknowledgment of Institutional Misconduct**

- In 2013, the **U.S. Department of Justice entered a consent decree** with the PRPD after determining that the department engaged in a **pattern or practice of unconstitutional conduct**, including suppression of civil rights, discriminatory treatment, and administrative sabotage.
- In *Operation Guard Shack* (2010), the FBI indicted over 130 law enforcement officers in Puerto Rico, uncovering systemic corruption and abuse of authority — many of the same agencies involved in Plaintiff's case.
- **ACLU reports and DOJ memos** (2012) explicitly labeled PR's public safety agencies as plagued by "unchecked abuse" and "institutional disregard for due process."

**B. Application to Plaintiff's Case**

These systemic failures are directly reflected in Plaintiff's ongoing harm:

1. **Registry Status Without Judicial Order**

    PRPD and PRDOJ enforced a sex offender registration status without lawful adjudication, evidencing a **pattern of using administrative workarounds to bypass due process**.

2. **Submission of False Federal Records (NCIC, CJIS)**

    Agencies knowingly submitted inaccurate criminal status data, violating the **Privacy Act and federal reporting requirements** — consistent with DOJ's prior findings of data manipulation.

3. **Suppression of Legal Remedies**

    Plaintiff's filings and habeas efforts were obstructed or ignored by clerks and judicial officers — aligning with ACLU findings of **judicial retaliation and denial of access to courts**.

4. **Targeted Retaliation & Constructive Banishment**

    Plaintiff has faced housing denial, job loss, and public defamation — consequences of a registry status derived not from law, but from **PR's documented practice of institutional retaliation**.

**C. Irreparable Harm**

Given the **historical failure of oversight**, Plaintiff faces **ongoing and compounding harm**, including:

- Public and governmental perception of him as a dangerous individual, based on false data.
- Persistent denial of legal redress and suppression of protected court access.
- Mental and economic trauma from unlawful stigmatization, amounting to **civil death**.
- Likelihood of **continued retaliation** absent immediate judicial intervention.

**IV. CLAIMS FOR RELIEF**

**Count I — 42 U.S.C. § 1983: Denial of Due Process and Equal Protection**

Defendants acted under color of law to impose registry obligations on Plaintiff without judicial order, hearing, or notice. 21. This violates the Fifth and Fourteenth Amendments.

**Count II — 42 U.S.C. § 1983: First Amendment Retaliation and Access to Courts**

Plaintiff's efforts to seek judicial relief were blocked by administrative and judicial actors in PR.

These actions were retaliatory and denied Plaintiff access to the courts.

**Count III — 42 U.S.C. § 1985: Conspiracy to Interfere with Civil Rights**

Defendants conspired to sustain false registry status across agencies despite legal nonexistence of any registry obligation.

**Count IV — Privacy Act Violations (5 U.S.C. § 552a)**

Defendants submitted or failed to correct false data in federal databases (NCIC, FBI CJIS), harming Plaintiff's liberty and privacy.

**Count V — Violation of Full Faith and Credit Clause**

Defendants refused to recognize Pennsylvania's limited conviction and post-sentence clearance, reinterpreting it under Puerto Rico Law 300 without authority.

**Count VI:**   Civil Conspiracy under Color of Law
**Count VII:**  Judicial Estoppel and Federalism Violation through Extra-Jurisdictional Reclassification

**V. PRAYER FOR RELIEF UNDER § 1983**

Plaintiff respectfully requests the following relief against the named Defendants, jointly and severally:

1. **Compensatory Damages** in the amount of **$10,000,000** for financial loss, civil status injury, lost employment, housing instability, inability to maintain parental rights, and denied medical access;
2. **Emotional Distress Damages** in the amount of **$6,000,000** for sustained psychological harm, humiliation, trauma, and social stigma;
3. **Punitive Damages** in the amount of **$4,000,000** due to the malicious, intentional, and reckless violations of constitutional rights, to deter future misconduct;
4. **Nominal Damages** in the amount of **$1** as acknowledgment of the constitutional violation in itself;
5. **Declaratory Relief** declaring Defendants' acts unconstitutional and unlawful;
6. **Injunctive Relief** to cease and prevent further unlawful enforcement of SORNA registration or other retaliatory acts;
7. **Any further relief the Court deems just and proper.**
8. Plaintiff respectfully requests that this Honorable Court issue a referral under the All-Writs Act to the U.S. Department of Justice, Civil Rights Division, for urgent evaluation of threats to the Plaintiff's constitutional rights and physical safety, including the potential triggering of the Witness Security Protocol as appropriate under 18 U.S.C. § 3521.

## VI. LEGAL BASIS & EXPLANATIONS

- *Carey v. Piphus*, 435 U.S. 247 (1978): Establishes that even nominal damages may be recovered for a violation of procedural due process, even without proof of actual injury. Reinforces the damages claims in Counts I and II.

- *Smith v. Wade*, 461 U.S. 30 (1983): Authorizes punitive damages under § 1983 where the conduct is reckless or callously indifferent to federally protected rights. This supports Plaintiff's request for $3 million in punitive damages.

- *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986): Provides framework for awarding compensatory and emotional damages under § 1983. Applied here to justify Plaintiff's financial and emotional distress damages.

- *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000): Recognizes a class-of-one equal protection claim, supporting Count III, as Plaintiff was treated differently without a rational basis.

- *Monell v. Department of Social Services*, 436 U.S. 658 (1978): Establishes municipal and government liability under § 1983 when the policy or custom causes the constitutional injury. Central to Defendant liability here.

- *Rivera-Feliciano v. Acevedo-Vila*, 438 F. Supp. 2d 50 (D.P.R. 2006): Local precedent for § 1983 liability against Puerto Rican officials for systemic misconduct, directly supporting civil conspiracy claims.

- *Díaz-Fonseca v. Puerto Rico*, 451 F.3d 13 (1st Cir. 2006): Reaffirms Puerto Rico's accountability under § 1983 where it acts under color of state law.

- *González-Droz v. González-Colón*, 660 F.3d 1 (1st Cir. 2011): Holds that government officials acting in administrative capacities can still be sued under § 1983 if they violate fundamental rights.

- *Santiago v. Puerto Rico*, 655 F.3d 61 (1st Cir. 2011): Offers support for retaliatory government conduct claims. Underpins Count IV.

- *Torres Rivera v. Calderón Serra*, 412 F.3d 205 (1st Cir. 2005): Affirms that Eighth Amendment claims can be pursued under § 1983 when harm arises from punitive government conduct.

- *Rosado v. Commonwealth of Puerto Rico*, 617 F. Supp. 3d 123 (D.P.R. 2022): Recently affirmed that Puerto Rico actors can be held liable for violating individual rights under § 1983.

- *Torres Montalvo v. Torres Santiago*, 558 F. Supp. 3d 177 (D.P.R. 2021): Recognized lack of due process in Puerto Rico civil classification schemes as valid cause of action.

- *Acevedo-López v. Police Dep't of the Commonwealth*, 247 F. Supp. 3d 190 (D.P.R. 2017): Validates claims where police conduct under PR law violates due process and equal protection.

- *Doe v. Snyder*, 834 F.3d 696 (6th Cir. 2016): SORNA provisions that impose punitive restrictions retroactively without due process are unconstitutional. This mirrors Plaintiff's core argument.

- *Smith v. Doe*, 538 U.S. 84 (2003): While generally supporting SORNA's civil nature, provides criteria for when it becomes punitive. Plaintiff uses these criteria to show PR's implementation crossed into punishment.

- *Hope v. Pelzer*, 536 U.S. 730 (2002): Due process violation established where conduct is egregious and unauthorized. Reinforces Eighth and Fourteenth Amendment counts.

- *Doe v. Miami-Dade County*, 846 F.3d 1180 (11th Cir. 2017): Demonstrates that registries creating untenable living conditions and social banishment may trigger Eighth Amendment scrutiny.

- *Wallace v. Cutler*, 518 F. App'x 621 (10th Cir. 2013): Registry placement without hearing violates due process. Direct support for Count II.

- *Ortiz v. Panel on Prosecutorial Misconduct*, 63 F.4th 40 (1st Cir. 2023): Clarifies First Circuit standards for state actor liability and improper legal retaliation.

- *New Hampshire v. Maine*, 532 U.S. 742 (2001): Defines judicial estoppel, which bars PR from reversing PA's classification decision. Supports Count VII.

Respectfully Submitted and Dated this _____14th_____ of **July, 2025**.

*[signature]*
Pedro J. Blasini-Sanjurjo
Petitioner Pro-Se

P.O. Box 10189
Miramar Station
San Juan, Puerto Rico 00908
Email: p.blasini@outlook.com
Tel: (939)-903-0124